**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LIFEWATCH SERVICES, INC., and**
**CARD GUARD SCIENTIFIC SURVIVAL,**
**LTD.,**

**Plaintiffs,**

-vs-                                                    Case No. 6:09-cv-1909-Orl-31DAB

**MEDICOMP, INC., and UNITED**
**THERAPEUTICS CORPORATION,**

**Defendants.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Defendants', Medicomp, Inc. and United Therapeutics Corp. ("Defendants"), Motion to Stay (the "Motion") (Doc. 75), and Plaintiffs', LifeWatch Services, Inc. and Card Guard Scientific Survival, Ltd. ("Plaintiffs") response in opposition thereto (the "Response") (Doc. 80).

**I. Overview**

Plaintiffs brought this patent infringement case on November 6, 2009. (Doc. 1). There are two patents-in-suit: U.S. Patent No. 7,542,878 (the "'878 Patent") and U.S. Patent No. 5,730,143 (the "'143 Patent"). (Doc. 1, ¶¶ 9-10). On January 15, 2010, the United States Patent and Trademark Office (the "PTO") entered an order granting Defendants' request for *ex parte* reexamination of Claim 1 of the '878 Patent, finding that certain prior art raised a substantial question of patentability. (Doc. 55-1 at 2). On February 10, 2010, the Court entered its order denying Plaintiff's Motion for Preliminary Injunction, finding that Defendants had raised a

substantial question of invalidity as to Claim 1 of the '878 Patent. (Doc. 71 at 10). The Court further found that, in the absence of a preliminary injunction, Plaintiffs would likely suffer less than a one to two percent decline in market share by the middle or end of 2010 due to Defendants' entry. (Doc. 71 at 13). Finally, the Court found that Plaintiffs' damages were simply a matter of quantifying lost profits or a reasonable royalty. (Doc. 71 at 13).

On February 16, 2010, Defendants filed a request with the PTO for *inter partes* reexamination of all 30 claims in the '878 Patent. (Doc. 76-1). On February 19, 2010, Defendants filed a request with the PTO for *inter partes* reexamination of all 26 claims in the '143 Patent. (Doc. 76-2). Those requests remain pending before the PTO.

In their Motion, Defendants move the Court to stay this case until the PTO completes the last of their requested reexaminations. (Doc. 75 at 11).

In their Response, Plaintiffs contend that a stay is premature because the PTO has yet to grant either of Defendants' *inter partes* reexamination requests; that an indefinite or lengthy stay would be prejudicial because Plaintiffs would lose significant market share to Defendants; and that a stay will not simplify the issues or streamline trial. (Doc. 80 at 3, 4 and 7).

## II. Standard of Review

District courts have broad discretionary power to grant stays in patent cases. *See*, *e.g.*, *Procter & Gamble Co. v. Kraft Foods Global, Inc.*, 549 F.3d 842, 849 (Fed. Cir. 2008); *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) ("Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination."); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). When considering such a stay, courts have often considered whether a stay will simplify the issues

and streamline trial, reduce the burden of litigation on the parties and the court, or unduly prejudice the non-movant. *See*, *e.g.*, *Baxa Corp. v. Forhealth Techs., Inc.*, Case No. 6:06-CV-353, 2006 WL 4756455 (M.D. Fla. May 5, 2006) (citations omitted). There is a liberal policy in favor of granting stays pending reexamination. *Id*. However, a stay should ordinally be denied unless there is a substantial issue of patentability. *Procter & Gamble Co.*, 549 F.3d at 849 (citing *Amazon.com v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1350-51 (Fed. Cir. 2001)).

### III. Analysis

Upon careful review, Defendants' Motion will be granted in part. Notwithstanding Defendants' pending *inter partes* requests for reexamination, the PTO's order granting *ex parte* reexamination of Claim 1 of the '878 Patent merits a stay. This Court and the PTO have both found that certain prior art raises a substantial question of patentability as to Claim 1 of the '878 Patent – which, if Plaintiffs' Motion for Preliminary Injunction is any indication, comprises the gravamen of Plaintiffs' case. While the Court's finding was based on a scant record, and made in the absence of the parties' claim construction, there is a significant possibility that Claim 1 of the '878 may be cancelled or changed as a result of reexamination. *See* United States Patent and Trademark Office, Reexamination Information, *Ex parte reexamination* historical statistics, http://www.uspto.gov/patents/stats/ep_quarterly_report_december_31_2009.pdf (noting that, as of December 31, 2009, 74% of all *ex parte* reexaminations requested by a third party resulted in a cancellation or change in claims). Accordingly, staying this case pending *ex parte* reexamination of Claim 1 of the '878 will foreclose the possibility of having to re-litigate the merits of what appears to be the most significant claim at issue in this case.

Staying this case pending *ex parte* reexamination will not prejudice Plaintiffs. The Court has already found that Plaintiffs' damages are quantifiable and that Defendants' entry into the market will have a *de minimis* effect over the next several months. Furthermore, *ex parte* reexamination is typically much shorter than *inter partes* reexamination. *See* United States Patent and Trademark Office, Reexamination Information, Reexamination operational statistics, http://www.uspto.gov/patents/stats/Reexam_Operations_December_09.pdf.

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Defendants' Motion (Doc. 75) is **GRANTED** in part;

2. This case is hereby **STAYED** pending *ex parte* reexamination of Claim 1 of the '878 Patent by the United States Patent and Trademark Office;

3. The parties are directed to file a status report at the close of the reexamination or by no later than **Friday, September 17, 2010**, whichever occurs first;

4. Defendants are directed to notify the Court of the status of their two requests for *inter partes* reexamination by no later than **Friday, September 17, 2010**.

5. Either party may move to lift or continue the stay upon a showing of good cause; and

6. The Clerk of the Court is directed to administratively close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 16, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE